IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:07-00197

CURTIS THOMAS HARDMAN, III

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant's motion to modify sentence, filed on March 9, 2009, pursuant to 18 U.S.C. § 3582(c)(2). The motion to modify sentence is based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment. Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10, applic. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in

subsection (c) that lowers the applicable guideline range. . . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

The court notes that the defendant was sentenced on May 1, 2008, in accordance with the November 1, 2007, edition of the Guidelines Manual and received the benefit of the amendment to U.S.S.G. § 2D1.1 at that time. Although U.S.S.G. § 2D1.1 was further amended effective May 1, 2008, by Amendment 715 in order to modify the manner in which combined offense levels are determined in cases involving cocaine base and one or more controlled substance, a recalculation of the sentencing guideline range for this defendant remains unchanged inasmuch as the defendant received the full benefit of the amendment when he was originally sentenced. It is, accordingly, ORDERED that the defendant's motion be, and it hereby is, denied.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender and the United States Probation Office.

ENTER: March 4, 2010

John T. Copenhaver, Jr.
United States District Judge

2